hDECUIR, Judge.
Artheur J. Touchet filed suit under the Longshore and Harbor Workers Compensation Act against Chevron and Tidewater after he was injured in the course of his employment with FILCO. Touchet was a longshoreman working for FILCO when he was assigned to off-load a number of drill collars from a Tidewater vessel located at a Chevron dock. (Suit was initially filed against Texaco, but Chevron was later substituted as the proper defendant.) Finding no material issue of fact concerning negligence on the part of the defendants, the trial judge dismissed Tidewater and Chevron on summary judgment, and Touchet appeals. We affirm.
The facts of this case are not in dispute. Aaron Merrit, a FILCO crane operator, instructed Touchet to assist Burt Segura in off-loading some drill collars from the MW Soileau Tide, a small Tidewater crew boat. The drill collars were approximately twenty-five feet long and, because of their weight, were to be unloaded with a crane. Touchet met Segura on the boat as Segura began to attach a choker sling to his side | {¡of one collar. The crane operator, either because of communication from Segura or because a driving rain obscured his vision, lifted the load before Touchet’s choker sling was attached to the other side. The collar slipped and caused injury to Tou-chet’s foot. No Tidwater or. Chevron employees were around at the time.
Touchet filed suit against Tidewater and Chevron, alleging that the turnover duty explained by the Supreme Court in Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981) was breached. The turnover duty essentially requires that a vessel be turned over to a stevedore in a reasonably safe condition and without hidden defects. Touchet specifically contends that the boat was fisting to its starboard side, causing the collars to be insecure, and further causing him to be unable to safely off-load the collars. Touchet further contends that the collars were' stacked improperly.
Tidewater and Chevron filed a motion for summary judgment, arguing that the only cause of Touchet’s injury was his own failure to properly attach the choker sling to the drill collar, as he admitted in deposition testimony. Even if the boat was fist-ing, Touchet, an experienced longshoreman, should have noticed that condition and should have taken it into account when boarding the boat.
The trial court granted the summary judgment in favor of Tidewater and Chevron, noting that Touchet himself testified “that the only reason the pipe moved, in his view, was that it was lifted and not *114 secured on one end.” The trial judge further determined that any listing of a boat such as this was not a cause of the accident, and therefore, he found no material issue of fact regarding negligence on the part of the vessel owner.
We agree with the conclusions of the trial judge. While it certainly may be true that the M/V Soileau Tide, a fully loaded crew boat navigating inland waters in a 13rainstorm, was listing to its starboard side when Touchet began the offloading operation, we cannot say that this condition was relevant to the cause of the accident or was the result of the vessel owner’s negligence. Touchet testified that he saw the boat listing as it came into the dock; he was aware of this condition. He was also aware of the position of the loaded drill collars and the manner in which they were stacked. These were not hidden defects, and the vessel owner had no obligation to warn of such dangers.
For these reasons, the summary judgment dismissing Tidewater and Chevron is affirmed, at plaintiffs cost.
AFFIRMED.